UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER AKSANOV,<br><br>    Plaintiffs,<br><br>    v.<br><br>HARRAH'S CASINO HOTEL ATLANTIC CITY, et al.,<br><br>    Defendants. | HONORABLE NOEL L. HILLMAN<br><br>CIVIL ACTION NO. 10-5883<br><br>**OPINION** |

**APPEARANCES**:

TOMPKINS, MCGUIRE, WACHENFELD & BARRY, LLP
By:  Grant W. McGuire, Esq.
3 Becker Farm Road, Suite 402
Roseland, New Jersey 07068-1726
        Counsel for Plaintiff

LAW OFFICES OF RILEY & RILEY
By:  Michael E. Riley, Esq.
The Washington House
100 High Street, Suite 302
Mount Holly, New Jersey 08060
        Counsel for Defendants Logan, Palamaro, and City of
        Atlantic City

**HILLMAN**, United States District Judge:

    Presently before the Court is Defendants' attorneys' fees application pursuant to 42 U.S.C. § 1988(b).  Senior United States District Judge Irenas previously determined that some of Plaintiff's claims were frivolous, while others were not, and

1

therefore held that Defendants were entitled to fees on the frivolous claims only.

Judge Irenas also held that Defendants' original fee application made no effort to parse work done on claims found to be frivolous versus work done on all other claims. Defendants were therefore ordered to revise their application "to provide a claim-by-claim accounting of the work performed on this case." (Order of October 1, 2015, Docket Entry 136) That revised application is the subject of this opinion.[1] The question presently before the Court is not *whether* Defendants are entitled to an award of attorneys fees, but rather, *how much* fees should the Court award?

For the reasons set forth herein, the Court holds that the revised fee application still fails to adequately distinguish between work done on claims found to be frivolous versus all other work. Defendants will be given one last opportunity to revise their fee application.

**I.**

The underlying facts of this suit are set forth in the previous opinion granting summary judgment to the moving Defendants on all remaining claims. *See Aksanov v. Harrah's Casino*

---

[1] After Judge Irenas' death in October, 2015, the case was reassigned to the undersigned.

*Hotel Atl. City*, 109 F. Supp. 3d 709 (D.N.J. 2015). The Court assumes familiarity with that opinion.

## II.

A prevailing defendant may be awarded attorneys' fees under § 1988(b) only "'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation.'" *Barnes Found. v. Twp. of Lower Merion,* 242 F.3d 151, 158 (3d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978)).

## III.

To place the current dispute in the proper perspective, the Court begins with the following excerpt from Judge Irenas' original opinion granting recovery of fees on certain claims. After setting forth the procedural posture and legal standard to be applied, Judge Irenas began his discussion: "[t]he *core* of Plaintiff's suit against the individual officers-- the 14th Amendment Due Process failure to intervene claims against the officers in their individual capacities-- were not frivolous. . . . *However*, many of the *peripheral claims* had little to no factual support in the summary judgment record, or were otherwise frivolous." (Docket Entry 129)(emphasis added)

As the summary judgment opinion in this case demonstrates, most of this litigation focused on what the individual officers

3

did, or did not, do.  Thus, while only encompassed in one legal claim, the claim required substantial work.  It is that claim which Judge Irenas identified as the "core" of this case.

Yet, in an attempt to recover the largest amount of fees possible, Defendants emphasize quantity over quality.  In particular, Defendants have created a chart-- Defendants' Ex. C-- that lists in one column all of the claims determined to be frivolous, and in another-- much shorter-- column, lists the claims determined to be nonfrivolous.  The chart is accurate insofar as it correctly identifies which claims were held to be frivolous and nonfrivolous.  Critically, however, the chart erroneously assumes equal weight of each claim, and therefore ignores Judge Irenas' observation that most, if not all, of the claims held to be frivolous were "peripheral claims."

Defendants' current application is fundamentally flawed in that it takes the approach that the vast majority of this litigation was frivolous.  Defendants' counsel starts from the premise that he should be compensated for all work, and then carves out 1.63% of all billed work as nonfrivolous work for which he should not receive compensation.  This approach flips Judge Irenas' opinion on its head.  Judge Irenas started from the premise that a majority of this litigation was *not* frivolous; that the frivolous claims were peripheral-- i.e., not central-- to this case.  Thus, Defendants' present application, which implicitly

4

asserts that 98.37% of this litigation was frivolous, is simply inconsistent with Judge Irenas' prior holding.

Moreover, the application assumes only two categories of work performed: work on frivolous claims and work on non-frivolous claims. Yet Defendants' billing records (Defs' Ex. E) reveal at least one other category of work: work apparently related to Plaintiff's claims asserted against Defendants' Co-Defendant, Harrah's Casino[2]-- claims which this Court has neither ruled frivolous, nor nonfrivolous.

Because Defendants' current application only subtracts out work on nonfrivolous claims, and seeks compensation for the remainder, the application assumes that Defendants are entitled to compensation for all of this third category of work. Defendants, however, fail to explain why this should be so. Indeed, the statute provides for recovery of attorneys' fees "only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation.'" (Order of July 8, 2015, Docket Entry 129) (quoting *Barnes Found. V. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001)). Thus, Defendants may only recover fees associated with this third category of work if that work can be

---

[2]  See, e.g., Defendants' Ex. E, Billing entry for August 21, 2011: "Review deps of Harrah's personnel"; Billing entry for June 25, 2011: "Receipt and review of materials from Casino Control – Harrahs"; Billing entry for July 9, 2011: "Review of complaints made to Casino Control."

specifically connected to work performed on claims this Court has found to be frivolous.  Defendants' current application does not do so.

Judge Irenas ordered a claim-by-claim fee application.  By logical extension, a billing entry-by-billing entry accounting is also warranted so that the fee application accounts for-- with some reasonable measure of accuracy-- the weight of various claims, as well as the category of work performed.  *See generally Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 713 (3d Cir. 2005) ("we have stressed that 'it is necessary that the [District] Court go line, by line, by line through the billing records supporting the fee request.'")(quoting *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001)).

In performing such an entry-by-entry accounting, Defendants will undoubtedly encounter many entries for which the vague work descriptions alone do not allow for a determination as to which claim(s) the work pertained.[3]  In such instances, the Court will not assume, as Defendants' current application does, that Defendants are entitled to recover 100% of the fees incurred for that particular work.  It is Defendants' fee application, therefore, it is their burden to adequately demonstrate that

---

[3]  See, e.g., Defendants' Ex. E, Billing entry for April 19, 2011: "Preparation for depositions"; Billing entry for October 11, 2011: "Receipt and review of deposition transcripts"; Billing entry for September 13, 2012: "Review of statements."

specific fees incurred were related to claims held to be frivolous.  *See generally Barley v. Fox Chase Cancer Ctr.*, 54 F. Supp. 3d 396, 405 (E.D. Pa. 2014) ("the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed.")(internal citation and quotation omitted).

Based on the foregoing, the Court holds that Defendants' revised fee application is over-inclusive.

**IV.**

In light of the foregoing, Defendants will be directed to revise their revised fee application consistent with the above discussion.  An appropriate Order accompanies this Opinion.


Dated:   January 29, 2016
         At Camden, New Jersey              ___s/ Noel L. Hillman___
                                            **Noel L. Hillman, U.S.D.J.**